IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LIGHT SPEED MICROELECTRONICS, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:21-cv-00066-ADA |
| v. | § § | |
| NXP SEMICONDUCTORS N.V. and NXP USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANT NXP'S PARTIAL MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

102122911.2

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    LEGAL STANDARD ...................................................................................... 1

    **A.**   Dismissal Under Rule 12(b)(6) ........................................................1

    **B.**   Properly Pleading Willful Infringement ..........................................................2

    **C.**   Properly Pleading Indirect Infringement ...........................................................3

III.   ARGUMENT .................................................................................................. 4

    **A.**   Light Speed's Willful Infringement Claim for the '161 and '832 Patents Should Be Dismissed.........................................................................4

         1.   Light Speed alleges no pre-suit knowledge of the '161 Patent............. 4

         2.   Light Speed alleges insufficient pre-suit knowledge of the '832 Patent ...................................................................... 5

         3.   Light Speed fails to allege egregious conduct ...................................... 6

    **B.**   Light Speed's Induced and Contributory Infringement Claims for the '832 Patent Should Be Dismissed.........................................................................6

         1.   Light Speed fails to allege sufficient pre-suit notice of the '832 Patent ...................................................................... 6

         2.   Light Speed fails to allege knowledge that any accused product was especially made or adapted for use in an infringement of the '832 Patent.................................................................... 7

         3.   Light Speed insufficiently pleads no substantial non-infringing uses .. 8

    **C.**   Light Speed's Induced Infringement Claim for the '161 Patent Should Be Dismissed .......................................................................9

IV.   CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................10

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................1, 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................2

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)..........................................................................3, 10

*Fernandez–Montes v. Allied Pilots Ass'n*,
987 F.2d 278 (5th Cir. 1993) ...................................................................................2

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)......................................................................................2

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)...............................................................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016)..........................................................................................2, 3

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ......................2

*Meraz v. M. Susan Rice, P.C.*,
No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009)..............1

*Parity Networks, LLC v. Cisco Sys., Inc.*,
No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...........2, 3

*Valinge Innovations AB v. Halstead New England Corp.*,
No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .......................3

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016)................................................................................4

**Rules and Statutes**

35 U.S.C. § 271..............................................................................................................3

35 U.S.C. § 284 ...................................................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ........................................................................1, 2, 11

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants NXP Semiconductors N.V. and NXP USA, Inc. (collectively, "NXP") move to dismiss Plaintiff Light Speed, LLC's ("Light Speed") claims for induced, contributory, and willful infringement in its First Amended Complaint for Patent Infringement ("Complaint").  Dkt. No. 8.  This partial motion to dismiss suspends the time to respond to the entire complaint.  *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-2 (W.D. Tex. May 15, 2009).

## I.        INTRODUCTION

Light Speed accuses NXP of infringing two patents:  U.S. Patent No. 10,860,832 (the "'832 Patent") and U.S. Patent No. 7,870,161 (the "'161 Patent").  The Prayer for Relief seeks enhanced damages for willful infringement, (Complaint at ¶ D), but alleges willful infringement nowhere in the body of the Complaint, let alone facts that would plausibly support a claim for such relief.  And Light Speed's induced infringement allegations for both patents and contributory infringement allegations for the '832 Patent are insufficiently pled and lack necessary plausible factual support. At a minimum, the induced infringement claims lack an allegation concerning sufficient pre-suit knowledge of both patents and an allegation of specific intent for the '161 Patent.  Light Speed's contributory infringement claims lack any requisite plausible factual allegations concerning NXP's (1) sufficient pre-suit knowledge of the '832 Patent, (2) knowledge that such components were especially made or especially adapted for use in an infringement of the '832 Patent, and (3) lack of substantial non-infringing uses.  As a result, respectfully, the Court should dismiss these claims under Federal Rule of Civil Procedure 12(b)(6).

## II.       LEGAL STANDARD

### A.        Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation).

### B.    Properly Pleading Willful Infringement

Section 284 of the Patent Act allows a patentee to seek enhanced damages. 35 U.S.C. § 284 (a Court may "increase the damages up to three times the amount found or assessed"). The Supreme Court has explained that willfulness, and the resulting increased damages under Section 284, should be limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Whether the alleged infringement is egregious enough to justify enhanced damages turns on an assessment of the accused infringer's

state of mind.  *See id*. at 1933 ("culpability is generally measured against the knowledge of the actor at the time of the challenged conduct.").

A claim of willful infringement is a serious charge.  It accuses a defendant of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate."  *Id.* at 1932.  Accordingly, a claim of willful infringement cannot be pleaded in a perfunctory manner with mere boilerplate allegations.  To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent."  *Parity Networks*, 2019 WL 3940952, at *3 (quoting *Valinge Innovations AB v. Halstead New England Corp*., No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

### C.    Properly Pleading Indirect Infringement

Under 35 U.S.C. §§ 271(b) and (c), a defendant may be found to be an indirect infringer if it induces or contributes to the infringement of a third party.  To properly plead induced infringement under 35 U.S.C. § 271(b), a complaint "must allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement."  *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).  To properly plead contributory infringement under 35 U.S.C. § 271(c), a complaint must allege facts plausibly showing that the accused infringer sells within or imports into the United States a component of a patented apparatus or one for use in practicing a patented process and: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and

4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

III.     **ARGUMENT**

      A.     **Light Speed's Willful Infringement Claim for the '161 and '832 Patents Should Be Dismissed**

The Complaint never attempts to plead willful infringement, yet Plaintiff's prayer for relief seeks willfulness infringement damages:

> WHEREFORE, [Light Speed] respectfully requests the Court to enter judgment as follows:
>
>                                       \* \* \*
>
> That damages be enhanced based on the willfulness of the infringement, to the maximum extent permitted by law.

Complaint at ¶ D.  This is the only reference to willfulness in the entire Complaint.

This Court has found the elements required to plead willfulness include (1) knowledge of the patent-in-suit; (2) after acquiring that knowledge, the defendant infringed the patent; and (3) in doing so, the defendant knew, or should have known, its conduct amounted to infringement of the patent. *Parity Networks*, 2019 WL 3940952, at *1.  But, the Complaint does not sufficiently allege knowledge of either patent-in-suit, much less subsequent infringement by NXP with knowledge that its conduct constituted infringement.

        *1.     Light Speed alleges no pre-suit knowledge of the '161 Patent*

Light Speed's Complaint never alleges knowledge of the '161 Patent.  *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").  The Federal Circuit and this District have held that sufficient allegations of pre-suit knowledge are required to plausibly plead willful infringement.  *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 831 F.3d 1275, 1295 (Fed. Cir. 2017) (stating that "in ordinary circumstances, willfulness will depend on an infringer's

prelitigation conduct" because "a patentee must have a good faith basis for alleging willful infringement"); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 7:19-cv-00026, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a specific allegation of pre-suit knowledge of the asserted patents."); *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-cv-762, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018).   The Complaint does not allege—and there does not exist—any extraordinary circumstances permitting Light Speed to plead willfulness without any allegation of pre-suit knowledge.  *See generally Frac* Shack, 2019 WL 3818049, at *5.  For at least this reason, Light Speed's request for willfulness as to the '161 patent should be dismissed.

2.    *Light Speed alleges insufficient pre-suit knowledge of the '832 Patent*

Light Speed's willful infringement claim should also be dismissed because the Complaint alleges insufficient pre-suit knowledge of the '832 Patent.  Light Speed asserts the following:

> At least as of the date of the receipt of the January 28, 2021 notice letter of infringement to NXP's General Counsel (**delivered on January 29, 2021**), NXP knew of the 832 Patent, and the basis for the claim of infringement by the Accused Instrumentality. Yet NXP continued to communicate with its customers and potential customers with the intent of causing the customers to infringe.

Complaint at ¶ 39.  Five calendar days (and three business days) after the purported January 29, 2021 delivery of the notice letter to NXP, Light Speed filed the Complaint on February 3, 2021, which asserted the '832 Patent for the first time.

Receiving a notice letter five days before filing the Complaint does not constitute adequate pre-suit notice for purposes of pleading willful infringement.   In *Intellectual Ventures I LLC v. Toshiba Corp.*, the district court dismissed claims of willful infringement where pre-suit notice was provided by letter one day before the complaint was filed.  66 F. Supp. 3d 495, 500 (D. Del. 2014).  Likewise, five days' notice in this case is insufficient to supply the requisite knowledge for

a claim of willful infringement, and Light Speed's request for willfulness as to the '832 patent should be dismissed.

### 3.   *Light Speed fails to allege egregious conduct*

Willfulness requires egregious conduct by an infringer.   *See Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 136 S. Ct. 1923, 1932 (2016); *id.* at 1935 (cautioning that enhanced damages should not be awarded in "garden-variety" infringement cases).   By failing to allege ***any*** facts supporting a willfulness allegation, Light Speed necessarily omits facts concerning egregious conduct by NXP.   *See Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim "because the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *see also Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 383 (E.D. Mich. 2020) ("[N]umerous district courts have concluded that an allegation of willful infringement without evidence of egregiousness is futile." (collecting cases)).

Light Speed's failure to allege egregious conduct is an independent reason that Light Speed's willful infringement claims should be dismissed.

### B.   **Light Speed's Induced and Contributory Infringement Claims for the '832 Patent Should Be Dismissed**

### 1.   *Light Speed fails to allege sufficient pre-suit notice of the '832 Patent*

Light Speed's Complaint fails to properly plead both induced and contributory infringement because it fails to allege sufficient pre-suit knowledge of the '832 Patent.   "Like induced infringement, contributory infringement requires knowledge of the patent in suit . . . ." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *8 (W.D. Tex. May 12,

2014) ("As with induced infringement, contributory infringement requires that the defendant have knowledge of the existence of the patent that is infringed.").

As explained in Section III.A.3, NXP received notice of the '832 Patent only five calendar days (and three business days) before Light Speed filed the Complaint. Such notice is insufficient to support a pleading of induced or contributory infringement. In *Orlando Communications LLC v. LG Electronics, Inc.*, the district court dismissed indirect infringement claims where plaintiff sent a notice letter one day before filing suit. No. 6:14-CV-101, 2015 WL 1246500, at *12 (M.D. Fla. Mar. 16, 2015) ("The Court is not convinced that sending a letter merely one day before filing a lawsuit confers on a defendant the requisite knowledge for indirect infringement."). Similarly, receiving notice a mere five days before the Complaint is filed is insufficient to establish pre-suit notice of the '832 Patent, and Light Speed's induced and contributory infringement allegations for the '832 Patent should be dismissed.

2.     *Light Speed fails to allege knowledge that any accused product was especially made or adapted for use in an infringement of the '832 Patent*

Light Speed's contributory infringement claim independently warrants dismissal because it does not allege any knowledge that the accused products were especially made or especially adapted for infringing the '832 Patent. A contributory infringement pleading must provide facts supporting the plausibility of the defendant's knowledge that a component is "especially made or especially adapted for use in an infringement of such patent." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). In *Inhale, Inc v. Gravitron, LLC*, a court in this district held that a complaint failed to state a claim for contributory infringement because the complaint lacked any factual allegations that the component was especially made for use in infringing the asserted patent.

2018 WL 7324886, at *3.  Likewise, Light Speed provides no allegation or facts suggesting knowledge that the accused products are especially made for infringing the '832 Patent.

3.      *Light Speed insufficiently pleads no substantial non-infringing uses*

Light Speed's contributory infringement claims should additionally (and independently) be dismissed because the Complaint fails to plausibly allege that any component sold or imported by NXP has no substantial non-infringing uses.  "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement . . . . [w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading*, 681 F.3d at 1338.  Light Speed's Complaint includes mere "threadbare recitals" of the elements of contributory infringement for the '832 Patent:

> Moreover, insofar as the Accused Instrumentalities include the hardware accelerator with the PME, which is designed to practice all elements of at least one claim of the 832 Patent (either literally or under the doctrine of equivalents), **are not staple articles of commerce having substantial non-infringing uses**, NXP is liable for contributory infringement of the 832 Patent.

Complaint at ¶ 52.

Light Speed's general allegation that the Accused Instrumentalities "are not staple articles of commerce having substantial non-infringing uses" is not sufficient.  *See Joao Control*, 2015 WL 3513151, at *5.  A "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-fringing use" is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556 U.S. at 678) (dismissing contributory infringement claims).  As such, Light Speed's contributory infringement allegations are insufficient and warrant dismissal.

### C.     Light Speed's Induced Infringement Claim for the '161 Patent Should Be Dismissed

Any induced infringement claim for the '161 Patent should be dismissed.  While Light Speed fails to clearly allege induced infringement of this patent, Light Speed may content it seeks to plead inducement by stating the following:

> Because all elements of at least one claim of the 161 Patent are present in each of the Accused Instrumentalities, either literally or under the doctrine of equivalents, NXP's past and present sales and offers for sale of the Accused Instrumentalities in the U.S., **as well as its support and encouragement of customers to use the Accused Instrumentalities with knowledge that such use infringes the 161 Patent**, infringes at least one claim of the 161 Patent.

Complaint at ¶ 37.  Furthermore, the prayer for relief seeks a declaration that "Defendant has directly and indirectly infringed the 161 and 832 Patents."  Whether the requested relief is based on a claim of inducement infringement or contributory infringement, the claim(s) should be dismissed.

Light Speed fails to allege that NXP had pre-suit knowledge of the '161 Patent, much less knowledge of alleged infringement.  *See Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement.").  Light Speed's assertion that NXP acts "with knowledge that such use infringes the 161 Patent" is a threadbare conclusion.  Light Speed provides no factual basis to support a plausible claim that NXP would or should have knowledge of the '161 Patent.  Without adequate allegations of pre-suit knowledge of the asserted patents, courts in this district have dismissed indirect infringement claims.  *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (dismissing indirect infringement claims because the "complaint does not plead any facts that would support an allegation of pre-suit knowledge").

Any induced infringement claim should also independently be dismissed because the Complaint fails to plead facts showing that NXP had a specific intent to induce infringement of the '161 Patent.  Specific intent to induce infringement is "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med.*, 471 F.3d at 1306.  An inducement claim that generically alleges that a defendant acted to "urge, instruct, [and/or] encourage" infringement is insufficient. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims).

Light Speed's generic allegation that NXP provided "support and encouragement" fares no better than the assertions of specific intent held insufficient in *Affinity Labs of Texas v. Toyota Motor North America*.  The *Affinity Labs* complaint alleged the defendant induced infringement by "marketing and selling" automobiles.  *Affinity Labs*, 2014 WL 2892285, at *7.  The Court held that these unsubstantiated allegations did not adequately support the specific intent requirement for induced infringement.  *Id.*  Likewise, Light Speed fails to plead facts demonstrating specific intent to induce infringement, and any inducement allegation of the '161 Patent should be dismissed.

Contributory infringement under Section 271(c) is a subset of indirect infringement alleged in the prayer.  While not explicitly called out in the Complaint, should Light Speed use its general prayer of "indirect infringement" to contend it pled contributory infringement of the '161 Patent, such allegations should be dismissed.  Light Speed has simply not sought to demonstrate any requisite element of contributory infringement: (1) pre-suit knowledge of the '161 Patent, (2) knowledge that any accused product was especially made or especially adapted for use in an infringement of the '161 Patent, and (3) lack of substantial uses of the accused products that do

not infringe the '161 Patent.  Accordingly, NXP seeks confirmation by Light Speed or the Court

that contributory infringement of the '161 Patent is not at issue here.

IV.     **CONCLUSION**

For the foregoing reasons, NXP respectfully requests that the Court grant its motion and

dismiss Plaintiff's claims for induced, contributory, and willful infringement of the '161 and '832

Patents under Rule 12(b)(6).


April 12, 2021                                  Respectfully submitted,

                                                By: */s/ Richard S. Zembek*

                                                Richard S. Zembek
                                                Texas State Bar No. 00797726
                                                richard.zembek@nortonrosefulbright.com
                                                1301 McKinney, Suite 5100
                                                Houston, Texas 77010-3095
                                                Tel: (713) 651-5151
                                                Fax: (713) 651-5246

                                                Eric C. Green
                                                98 San Jacinto Boulevard, Suite 1100
                                                Austin, Texas 78701-4255
                                                Texas State Bar No. 24069824
                                                eric.green@nortonrosefulbright.com
                                                Tel: (512) 536-3094
                                                Fax: (512) 536-4598

                                                **COUNSEL FOR NXP SEMICONDUCTORS N.V.
                                                AND NXP USA, INC.**

## CERTIFICATE OF SERVICE

I certify that on April 12, 2021, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Richard S. Zembek*
Richard S. Zembek