IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LIGHT SPEED MICROELECTRONICS, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:21-cv-00066-ADA |
| v. | § § | |
| NXP USA, INC., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**DEFENDANT NXP'S SECOND PARTIAL MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM</u>**

i

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant NXP USA, Inc. ("NXP") moves to partially dismiss with prejudice Plaintiff Light Speed, LLC's ("Light Speed") claims for direct and induced infringement in its Third Amended Complaint for Patent Infringement ("Complaint").[1]  Dkt. No. 31.  First, Light Speed fails to state a claim for direct infringement of the asserted method claims by selling, offering to sell, or making the accused instrumentalities.  Second, Light Speed fails to state a claim for induced infringement of the '641 Patent prior to the alleged July 26, 2021 notice date.  Third, as Light Speed does not plausibly allege any pre-suit knowledge of the asserted patents, its remaining inducement allegations should be dismissed without prejudice.

This partial motion to dismiss suspends the time to respond to the entire complaint.  *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-2 (W.D. Tex. May 15, 2009).

## I.   LEGAL STANDARD

### A.   Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Thus, "[t]hreadbare

---

[1] NXP previously filed a Partial Motion to Dismiss for Failure to State a Claim (Dkt. No. 19) regarding the First Amended Complaint.  That Partial Motion to Dismiss was mooted by the filing of the Second Amended Complaint.  (Dkt. No. 24)

102941650.1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation).

## II.    ARGUMENT

### A.    Light Speed's Direct Infringement Claims Relating to Selling, Offering to Sell, and Making Should Be Dismissed

The Court should dismiss Light Speed's direct infringement claims related to selling, offering to sell, and making the accused instrumentalities because Light Speed asserts only method claims. Specifically, the Third Amended Complaint alleges that NXP directly infringes the asserted claims of the '161, '832, and '641 Patents, not only though use and testing, but also by making, using, selling, and offering to sell the accused instrumentalities:

> Public NXP technical documents establish that the making, offer to sell and sale of the Accused Instrumentalities infringe one or more claims of the 161 Patent, including at least claim 23, literally and/or under the Doctrine of Equivalents. This ***direct infringement*** is based on NXP's use of ***specific method claims*** of the 161 Patent, including in ***the making, use (including testing), sale of and offer to sell*** the Accused Instrumentalities in the United States.

Dkt No. 31 at ¶ 15; *accord id.* at ¶ 42 ('832 Patent), ¶ 48 ('641 Patent). Because Light Speed asserts only method claims against NXP, the claims of direct infringement through making, selling, and offering to sell fail to state a claims as a matter of law. *See id.* at ¶ 15 (asserting method claim 23 of the '161 Patent), ¶ 42 (asserting method claims 1-14 of the '832 Patent), ¶ 48 (asserting method claims 1-30 of the '641 Patent).[2]

A method claim is not directly infringed by selling, offering to sell, or making an apparatus. "The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)." *Joy Techs. Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993). For example, the Federal Circuit in *Joy Technologies* rejected the argument that making or selling an industrial plant *capable* of practicing a patented process constituted direct infringement of a method claim. *Id.*; *see also HVLPO2, LLC v. Oxygen Frog, LLC*, No. 4:16CV336-MW/CAS, 2018 WL 6492971, at *5 (N.D. Fla. Mar. 18, 2018) ("As far as the method claims . . . , simply making, selling, or offering for sale a product is not enough."). And, dismissal of claims such as those that are the subject of this motion are properly disposed of via a Rule 12(b)(6) motion. *Sentius International, LLC v. Apple Inc.*, No. 4:20-CV-00477-YGR, 2020 WL 2850286, at *3 (N.D. Cal. June 2, 2020) (dismissing direct infringement allegations for method claims and holding that "[b]ecause methods cannot be sold in the same way as devices, the sale of a product for performing a claimed method does not constitute direct infringement").

As such, the Court should dismiss the direct infringement allegations related to selling, offering for sale, and making the accused instrumentalities.

---

[2] Light Speed served its preliminary infringement contentions on July 26, 2021. Those contentions assert the same 45 method claims that were identified by Light Speed in its Third Amended Complaint. Dkt. No. 31 at ¶¶ 15, 42, 48.

B.     **Light Speed's Induced Infringement Allegations for the '641 Patent Relating to pre-July 26, 2021 Activities Should Be Dismissed**

The Court should dismiss any allegation of induced infringement of the '641 Patent related to NXP's activities prior to July 26, 2021, when NXP allegedly first received notice of the '641 Patent. The Third Amended Complaint provides the following inconsistent assertions regarding induced infringement of the '641 Patent:

> ***NXP was first placed on notice*** of claims 1-30 of infringement [sic] of the 641 Patent at least ***as early as July 26, 2021***.
>
> ***Since at least as early as January 29, 2021***, NXP has also induced one or more third parties, including, upon information and belief, Cisco, Broadcom (formerly Brocade) and Juniper Networks, into infringement of the 641 Patent with knowledge of the 641 Patent, by encouraging, aiding and abetting said third parties to infringe on an ongoing basis . . . .

Dkt No. 31 at ¶¶50-51.

NXP cannot have induced infringement of the '641 Patent as a matter of law on January 29, 2021, or any time prior to July 26, 2021, because NXP is not alleged to have had knowledge of the '641 Patent at that time. "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*). In *Core Optical Technologies, LLC v. Nokia Corp.*, the Court dismissed indirect infringement allegations because there was no plausible inference that the defendant had pre-suit knowledge of the asserted patent. No. SA CV19-02190, 2020 WL 6126285, at *1 (C.D. Cal. Oct. 8, 2020).

Moreover, the '641 patent did not even issue from the Patent and Trademark Office until March 16, 2021—nearly two months *after* Light Speed alleges inducement began. As the '641 patent had not yet issued, Light Speed's allegation that inducement of the '641 patent began "at least as early as January 29, 2021" is impossible and warrants dismissal.

102941650.1

4

In this case, Light Speed pleads that NXP was first placed on notice of the '641 Patent on July 26, 2021. Dkt. No. 31 at ¶ 50. Thus, any allegations that NXP induced infringement before July 26, 2021 must necessarily fail and should be dismissed.

### C. Light Speed's Induced Infringement Allegations for All Asserted Patents Should Be Dismissed for Lack of Pre-Suit Notice

Additionally, in keeping with this Court's practice of dismissing allegations of induced infringement that are unsupported by any plausible factual allegation of pre-suit knowledge of the asserted patent, Light Speed's induced infringement allegations should be dismissed for all three Asserted Patents. Where a plaintiff has not plausibly pled pre-suit knowledge of an asserted patent, this Court routinely dismisses inducement allegations without prejudice to re-assert after discovery has provided a plausible basis for such allegations.

Light Speed merely alleges knowledge of the three Asserted Patents from the time suit was initially filed or later. Dkt. No. 31 at ¶¶ 38, 44, 50. Accordingly, Light Speed's remaining[3] allegations of inducement should be dismissed without prejudice.

### III.  CONCLUSION

For the foregoing reasons, NXP respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for direct and induced infringement under Rule 12(b)(6).

  August 30, 2021                                Respectfully submitted,

                                                      By: */s/ Richard S. Zembek*

                                                      Richard S. Zembek
                                                      Texas State Bar No. 00797726
                                                      richard.zembek@nortonrosefulbright.com
                                                      1301 McKinney, Suite 5100
                                                      Houston, Texas 77010-3095

---

[3] As noted in Section II.B, Light Speed's allegations of inducement of the '641 patent prior to July 26, 2021 should be dismissed *with* prejudice.

        Tel: (713) 651-5151
        Fax: (713) 651-5246

        Eric C. Green
        98 San Jacinto Boulevard, Suite 1100
        Austin, Texas 78701-4255
        Texas State Bar No. 24069824
        eric.green@nortonrosefulbright.com
        Tel: (512) 536-3094
        Fax: (512) 536-4598

        **COUNSEL FOR NXP USA, INC.**

## CERTIFICATE OF SERVICE

I certify that on August 30, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        By: */s/ Richard S. Zembek*
            Richard S. Zembek